IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOSHE IMMERMAN,                          Civil No. 04-6134-HO

    Plaintiff,                       ORDER

    v.

DEPARTMENT OF AGRICULTURE,
sued as Anne M. Veneman,
Secretary,

    Defendant.

Defendant filed a motion to dismiss for plaintiff's failure to make timely or proper service.

## Discussion

Plaintiff filed the complaint on April 30, 2004, naming Ann M. Veneman, Secretary, United States Department of Agriculture, as defendant. Mike Johanns succeeded Veneman on January 21, 2005. Returns of service evidence service upon Dallas Emch, Supervisor, Willamette National Forest on March 2, 2005, Secretary Johanns on March 9, 2005, and Forest Service Chief Dale

Bosworth on March 21, 2005. Elec. Docket. Entries [##6, 7, 12]. Appearing pro se, plaintiff argues that the court may allow a reasonable time to cure defects in service under Rule 4(i)(3) of the Federal Rules of Civil Procedure, and that good cause exists to extend the time for service under Rule 4(m), because 28 U.S.C. § 1915(d) requires officers of the court to issue and serve all process.

The court cannot extend the time for service under Rule 4(i) because there is no indication plaintiff has served the United States attorney or the Attorney General. Fed.R.Civ.P. 4(i)(1), (3)(A). Plaintiff may have previously been able to rely on his argument that 28 U.S.C. § 1915(d) establishes good cause for an extension of time. Plaintiff can no longer rely on this argument. By letter dated January 3, 2005, the court advised plaintiff that he must complete and return the marshal service form in order for the Marshal to provide service. More than 175 days have passed since the court's letter, and there is no evidence plaintiff has complied with Rule 4(i)(2)(A).[1] Plaintiff

---

[1] After (1) granting plaintiff's motion to proceed in forma pauperis, (2) ordering the United States Marshal's Service to serve the summons and complaint, and (3) referring plaintiff to Rule 4(i)(2)(A) and (B) for requirements for effective service upon the United States, its agencies, corporations, officers or employees, the court sent plaintiff a letter dated January 3, 2005, further advising plaintiff that he must return an enclosed marshal service form in order for the U.S. Marshal to provide service. The returns of service indicate plaintiff directed the Marshal's Service to serve Emch, Johanns and Bosworth. There is no indication plaintiff directed the Marshal's Service to serve

2 - ORDER

has not proved that good cause exists to extend the time for service. This action is therefore dismissed without prejudice. Fed.R.Civ.P. 4(m).

## Conclusion

Based on the foregoing, defendant's motion to dismiss [#9] is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 5th day of July, 2005.

                                            /s/ Michael C. Hogan
                                            United States District Judge

---

the United States in the manner prescribed by Rule 4(i)(1), as required by Rule 4(i)(2)(A).