**FILED**

UNITED STATES COURT OF APPEALS

FILED 08 APR 17 10:41 USDC-ORE

FOR THE NINTH CIRCUIT

APR 14 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| MOSHE IMMERMAN,<br><br>Plaintiff - Appellant<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, being sued as Ann M Veneman, Secretary,<br><br>Defendant - Appellee | No. 05-36001<br>D.C. No. CV-04-06134-MRH<br><br>**MANDATE** |

The judgment of this Court, entered 02/20/2008, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/s/

By: Theresa Benitez
Deputy Clerk

34



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 20

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOSHE IMMERMAN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, being sued as Ann M Veneman, Secretary,<br><br>    Defendant - Appellee. | No. 05-36001<br><br>D.C. No. CV-04-06134-MRH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, Chief District Judge, Presiding

Argued and Submitted February 7, 2008
Portland, Oregon

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

Moshe Immerman ("Immerman") appeals from the district court's dismissal of his complaint for failure to properly and timely serve the summons and complaint under Fed. R. Civ. P. 4(i). Immerman also challenges the district court's

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

refusal to appoint him counsel and denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.

Under Rule 4(m), service must be effected within 120 day of filing of the complaint. If the plaintiff fails to serve the defendant within that period, the court must either dismiss the complaint or "direct that service be effected within a specified time." *Id.* However, if the plaintiff shows "good cause" the court "shall extend the time for service for an appropriate period." *Id.* We have held that Rule 4(m) requires a two-step analysis. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). We review for abuse of discretion. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990).

Given the unique circumstances of this case—Immerman's pro se, in forma pauperis status, the confusion regarding the service instructions, the fact that process was served on the named defendant, and that the statute of limitations had run on Immerman's claim—we conclude that the district court abused its discretion when it dismissed Immerman's complaint instead of granting Immerman a

reasonable extension of time within which to complete service as required by Rule 4(i).[1]

Immerman also argues that the district court abused its discretion in denying his motion for appointment of counsel. We disagree. A district court has the discretion to appoint counsel to represent a person unable to afford representation under 28 U.S.C. § 1915(e)(1). We have held that a district court may only do so under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The district court did not err in concluding that, on the record before it, exceptional circumstances warranting appointment of counsel did not exist.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED**. The parties shall bear their own costs on appeal.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 14 2008

by _____ Deputy Clerk

---

[1] Because we conclude that the district court abused its discretion in dismissing Immerman's complaint, we need not address the motion for reconsideration.

INTERNAL USE ONLY: Proceedings include all events.
05-36001 Immerman v. USDA

| | |
|---|---|
| MOSHE IMMERMAN<br>    Plaintiff - Appellant | Moshe Immerman<br>[NTC prs]<br>PO Box 741<br>Eugene, OR 97440<br><br>Randall L. Schmitz, Esq.<br>FAX 208/343-3232<br>208343-3434<br>Suite 400<br>[COR LD NTC cap]<br>PERKINS COIE, LLP<br>251 E. Front St.<br>Boise, ID 83702-7310 |
| v. | |
| U.S. DEPARTMENT OF AGRICULTURE,<br>being sued as Ann M Veneman,<br>Secretary<br>    Defendant - Appellee | Kelly A. Zusman, Esq.<br>FAX 503/727-1117<br>503/727-1009<br>Suite 600<br>[COR LD NTC dag]<br>USPO - OFFICE OF THE U.S.<br>ATTORNEY<br>Mark O. Hatfield U.S.<br>Courthouse<br>1000 South West Third Avenue<br>Portland, OR 97204-2902 |