```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

MOSHE IMMERMAN,                              Civil No. 04-6134-HO

             Plaintiff,                      ORDER

     v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

             Defendant.
```

Plaintiff Moshe Immerman, pro se, alleges that in 1992 and 1997, "individuals within the Willamette National Forest" took steps to end his career because he is Buddhist and Jewish. Complaint at 2. Defendant perceives that plaintiff invokes the protections of Title VII of the Civil Rights Act of 1964 against religious discrimination in employment. Plaintiff does not dispute this perception, which comports with plaintiff's EEOC appeal brief attached as exhibit one to plaintiff's "abbreviated motion and response [#74]." Defendant filed a motion for summary judgment and served plaintiff with notice advising him of the potential implications of the motion and what plaintiff must do

to oppose the motion.

> The judgment sought should be rendered if the
> pleadings, the discovery and disclosure materials on
> file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

As plaintiff apparently concedes, any Title VII claim based on plaintiff's departure from Forest Service employment in 1992 is unexhausted and time-barred. A reasonable fact finder could not conclude from the summary judgment record that plaintiff's religion caused defendant to take an employment action against plaintiff in 1997, or that defendant's stated reasons for the action are pretexts for religious discrimination. Defendant's motion for summary judgment is therefore granted.

## Facts[1]

In May, 1991, plaintiff worked for the National Park Service at Yosemite Notional Park for less than a week. Potter Decl, exs. C & D. In a document dated June 11, 1991, plaintiff acknowledged that he was fired from this employment. Id., ex. C.

On April 27, 1992, plaintiff applied for employment with the Willamette National Forest. Mancuso Decl., ¶ 2 & ex. A at 6. On

---

[1] Plaintiff did not file a response to defendant's concise statement of material facts as required by Local Rule (LR) 56.1(b). Material facts set forth in the concise statement of a moving party are deemed admitted when not specifically denied or otherwise controverted by a separate concise statement of the opposing party. LR 56.1(f).

2 - ORDER

the application form, plaintiff checked "no" in response to the question, "During the last 10 years, were you fired from any job for any reason, did you quit after being told that you would be fired, or did you leave by mutual agreement because of specific problems?" Id. Plaintiff did not disclose his May 1991 employment with Yosemite National Park on the application form. The application form bears the statement, "A false statement on any part of your application may be grounds for not hiring you, or for firing you after you begin work." Id.

    On July 20, 1992, the Forest Service hired plaintiff as a temporary forest technician on the Willamette National Forest. Mancuso Decl., ¶ 4 & exs. B & C. Plaintiff commenced work at the Middle Fork Ranger District in Lowell, Oregon, on July 27, 1992, under the supervision of forester Virginia Tennis. Potter Decl., ex. E. Tennis informed district ranger Charles Richard Scott that plaintiff was a difficult employee to supervise because he was prone to emotional outbursts. Scott Decl., ¶ 2. In September, 1992, former Willamette National Forest human resources officer Joseph Mancuso learned that plaintiff had been terminated from his May 1991 employment at Yosemite National Park. Mancuso Decl., ¶ 5. Mancuso also knew that Tennis had difficulty getting plaintiff to follow instructions and report to work on time. Id. Mancuso decided to remove plaintiff from the temporary forest technician position. Id., ex. D. A letter from

3 - ORDER

Mancuso to plaintiff dated September 28, 1992 states that the reason for the removal action is plaintiff's falsification of his federal employment application form, specifically, his assertion that he had not been fired from any job for any reason during the last ten years.  Id.  Plaintiff chose to resign his employment in lieu of involuntary termination by the Forest Service.  Id., ¶ 6 & ex. E.  Plaintiff wrote that he resigned due to his supervisors' lack of respect for his well-being and dignity, and insufficient support for personal safety.  Id., ex. E at 3.

In July 1997, the Forest Supervisor's Office requested that the State of Oregon Employment Office provide a register of certified candidates for a temporary position, not to exceed 60 days, as a fisheries biologist.  Plaintiff was among the candidates listed on the register.  Unaware of how plaintiff's prior employment on the Willamette National Forest ended, former Forest Service employee Sherill Harder offered the temporary fisheries biologist position to plaintiff, and plaintiff accepted the offer on July 28, 1997.  Harder states that the employment offer was contingent upon plaintiff completing a Form OF-306 and Declaration of Appointment, and upon receipt of transcripts confirming plaintiff's eligibility.  Harder's notes from a July 29, 1997 telephone conversation with plaintiff indicate that plaintiff could start work on the proposed date of August 3, 1997 "if 306/transcripts are received prior to start date and he is

4 - ORDER

ok."  Harder Decl., ex. 2.

Willamette National Forest natural resources program manager Don Gray informed district ranger Scott that plaintiff had been offered the temporary fisheries biologist position.  Scott Decl., ¶ 3.  Scott phoned Mancuso and told him that he did not want plaintiff hired "because of his performance during his previous employment with the Forest Service, i.e., his misrepresentations regarding his employment history and his insubordination."  Id.  At the time he decided to rescind the offer of employment to plaintiff, Scott did not know plaintiff's age or religion, or whether he had ever engaged in any "EEO activity."  Id., ¶ 4.

## Discussion

Defendant argues that plaintiff failed to exhaust administrative remedies for any Title VII claim based on his 1992 departure from Forest Service employment.  Defendant further argues that any claim based on plaintiff's 1992 departure from employment fails because plaintiff cannot prove that he performed his job satisfactorily, or that the Forest Service's stated reason for terminating employment is a pretext for discrimination.  Defendant argues that any claim based on its decision not to select plaintiff for employment in 1997 fails because plaintiff cannot prove that he was not selected for employment due to his religion, or that the Forest Service used his employment history as a pretext for discrimination.

5 - ORDER

In response to defendant's motion for summary judgment, plaintiff filed one "abbreviated motion and response" ([ECF/CM #74] and one "augmented, abbreviated motion" ([ECF/CM # 90]), each with attached exhibits. Plaintiff writes that he adopts certain portions of the latter document and exhibits as his own statements. [ECF/CM #90] at 1. Plaintiff asserts that he has never maintained that the Forest Service terminated his employment in 1992. [ECF/CM #74] at 4. He further contends that the summary judgment process is a device to "ignore, negate and get around" judicial and agency responsibilities, and the truths that the right to a jury trial is central to "our system of justice" and a "core component of our Constitution." The court does not adopt this characterization of the summary judgment process.

Plaintiff contends that the following disputed issued of fact preclude summary judgment: whether plaintiff proves a prima facie case of religious discrimination based on the 1997 decision respecting his employment; whether the Forest Service hired and fired or declined to hire plaintiff in 1997; and whether the Forest Service fired plaintiff in 1992.

Plaintiff further contends that the following facts prove discrimination based on religion, or create disputed issues of fact regarding the Forest Service's stated reasons for firing him in 1997: the Forest Service responded dishonestly to plaintiff's

discovery and Freedom of Information Act requests during the EEO administrative process; plaintiff's personnel file does not contain documentary evidence on agency letterhead of any deficient performance by plaintiff during his 1992 employment with the Forest Service; Tennis's statements that plaintiff performed badly are false; district ranger Scott began meetings by saying "repent all you sinners, repent," and peppered meetings with references to "sinners," in disrespect to plaintiff's religious beliefs; the Forest Service fired plaintiff in 1997 when it realized that plaintiff's religious meditation practices at work in 1992 had generated multiple complaints from Forest Service employees; and the Forest Service hired another employee after firing plaintiff.

It appears from plaintiff's contention that he resigned his Forest Service employment in 1992 that he makes no Title VII claim based on this departure from employment. [ECF/CM #74] at 4. Any such claim is unexhausted and time-barred. <u>Lyons v. England</u>, 307 F.3d 1092, 1104-05 (9th Cir. 2002); 42 U.S.C. § 2000e-5b; 29 U.S.C. § 1614.105(a)(1).

Whether defendant hired and fired or declined to hire plaintiff in 1997 is not material; either act may constitute an adverse employment action. In contrast to the administrative law judge, the court does not find evidence in the summary judgment record from which a reasonable trier of fact could determine that

7 - ORDER

any Forest Service official who participated in a 1997 decision to fire plaintiff knew that plaintiff is Jewish or Buddhist. Cf. Potter Decl., ex. F at 14.  Plaintiff asserts that in 1992, Forest Service employees complained that he meditated in the workplace.  This assertion is too vague to support an inference of intent by Forest Service officials to discriminate against plaintiff based on religion.  Scott's references to employees as "sinners" are not sufficiently hostile to permit an inference of discriminatory intent.

Even if plaintiff could prove a prima facie case, defendant produced evidence that it took adverse employment action against plaintiff in 1997 because he misstated his employment history on his 1992 application for employment.  The absence of documentation of deficient performance in plaintiff's personnel file does not rebut plaintiff's misrepresentation of his employment record.  Plaintiff calls the assertions of Virginia Tennis false, but he does not address the specific performance deficiencies stated by Tennis.  Potter Decl., ex. E at 2-4.  A reasonable fact finder could not conclude from plaintiff's filings that defendant's stated reasons for adverse employment action against plaintiff in 1997 are pretexts for religious discrimination.  Defendant is therefore entitled to summary judgment on plaintiff's claim for violation of Title VII based on discharge from employment with the Forest Service in 1997.

8 - ORDER

<u>Conclusion</u>

Based on the foregoing, defendant's motion for summary judgment [#53] is granted.  This action is dismissed.

SO ORDERED.

DATED this ___14th___ day of July, 2009.


                                           <u>s/ Michael R. Hogan</u>
                                           United States District Judge